IN RE CONDEMNATION OF LANDS FOR ZUR RUHE CEMETERY: GRUHL REALTY COMPANY, Appellant, vs. GROTH and others, Respondents.

*April 8—May 3, 1927.*

*Eminent domain: Condemnation of private property for public use: Construction of statutes: Injunction against owners of land: Not operative as against subsequent owners.*

1. Statutes authorizing the condemnation of private property for public use are to be strictly construed. p. 111.
2. A judgment perpetually enjoining the owners of land, but not their heirs, successors, or assigns, from using the land for burial purposes, because of their noncompliance with statutory requirements then existing, is not a bar to proceedings in compliance with present statutory requirements to condemn the land for an addition to a cemetery. p. 111.
3. Generally, an injunction is binding only on the persons or parties named in the decree, the remedy being strictly *in personam,* and will not issue against one not within the jurisdiction of the court. p. 112.

APPEAL from an order of the county court of Ozaukee county: J. E. USELDING, Judge. *Affirmed.*

This is an appeal from an order wherein it was found that it was necessary, for the purposes of the Zur Ruhe cemetery, to have condemnation of certain parcels of land belonging to

the appellant, *Gruhl Realty Company,* and by which order commissioners were appointed to appraise the land.

The petition, by twenty-three freeholders of the city of Cedarburg, sets forth that the cemetery association was organized pursuant to the statutes of the state, and operates a cemetery in said city, which cemetery, in their opinion, should be enlarged.

The property sought to be condemned consists of two separate parcels referred to in the proceedings as parcel No. 2 and parcel No. 3. The petitioners allege that said parcels cannot be secured except at an exorbitant price, and other facts necessary to give the court jurisdiction.

The *Gruhl Realty Company,* appellant herein, answered the petition and alleged that the cemetery association was formed by three persons, who operated it as a private venture until 1919, when the association was incorporated and the private owners conveyed the property known as parcel No. 1 to the association, which has since operated the cemetery.

The answer further alleges, as the fact is, that in 1889 the then owners of the cemetery, known as parcel No. 1, finding it desirable to enlarge the cemetery, plotted parcel No. 2, which plot was duly recorded in the office of the register of deeds; that thereupon one Robert Pfleger, who owned the land immediately north of parcels Nos. 1, 2, and 3, and who still owns said land, and then resided thereon and now resides thereon, began proceedings in the circuit court for Ozaukee county to enjoin the use of said parcel No. 2 for a cemetery; that in September, 1899, the circuit court for Ozaukee county entered a judgment in said action declaring said proposed use of parcel No. 2 as a cemetery a nuisance, and perpetually enjoined the owners of the land from using any part of it for burial purposes or for a cemetery. Such judgment remains of record, unmodified.

The answer further alleges that the owners of the land here sought to be condemned have not placed an exorbitant

price on the land.   Hearings were had on the petition and answer, with the result that the county court found that it was necessary, for the purposes of the Zur Ruhe cemetery, that parcels Nos. 2 and 3 be acquired; that the lands could not be acquired except at an exorbitant price; that the price demanded by the owners of said tract of land was about the sum of $3,000; that the Zur Ruhe cemetery is entitled to condemnation of parcels Nos. 2 and 3, and the court thereupon appointed commissioners to appraise said land, from which findings and order the appeal herein was taken.   Parcel No. 2 is immediately east of the old cemetery, and parcel No. 3 is immediately east of parcel No. 2.

The appellant assigns as errors the granting of the petition and the making of the order above referred to.

For the appellant there was a brief by *Otjen & Otjen,* and oral argument by *C. J. Otjen* and *Morton A. Lee,* all of Milwaukee.

For the respondents there was a brief by *Schanen & Huiras* of Port Washington, and oral argument by *Peter Huiras.*

CROWNHART, J.   The proceedings herein were instituted under ch. 157 of the statutes relating to cemeteries.   Sec. 157.05, so far as material to this proceeding, reads as follows:

"(1) A cemetery . . . association . . . may take and hold not exceeding eighty acres of land, to be used exclusively for burial of the dead. . . .

"(2) . . .

"(3) When it is necessary to enlarge a public cemetery and adjoining lands cannot be acquired or can be acquired only at an exorbitant price, application may be made in writing to the county judge by twelve or more resident freeholders of the municipality in which the cemetery is located, describing the land and setting forth the facts and the price asked, whereupon the judge shall appoint three resident free-

holders of the county, but not of such municipality, to appraise the damages of each owner, not to exceed the price asked, but, except in cities or incorporated villages, no lands shall be taken within twenty rods of a residence owned by the occupant without his written consent. The appraisers shall hear all parties upon ten days' notice and file report in writing with the judge within ten days after determination. . . ."

The statutes authorizing the condemnation of private property for public use are to be strictly construed. *Union Mfg. Co. v. Spies,* 181 Wis. 497, 195 N. W. 326. However, the petition admittedly is sufficient to give the court jurisdiction, and an examination of the evidence produced before the county judge, we think, sufficiently establishes the facts alleged in the petition to justify the order. We do not deem it necessary to review the testimony.

The important legal question here involved is as to whether or not the judgment of the circuit court of 1899 is a bar to the proceedings herein. That judgment adjudged the cemetery grounds laid out, herein described as parcel No. 2, a nuisance. The then owners, Frank L. Groth and Frederick Gruhl, were perpetually enjoined from using said parcel for burial purposes or a cemetery, and from maintaining any part or parts thereof as a cemetery. The judgment did not extend to the heirs, successors, or assigns of such owners. It covered in express terms such owners and no others. It was based upon a finding of the court that the owners had not complied with certain statutory requirements then existing. Those statutory requirements have since been materially modified by legislative act, and the present proceedings fully comply with present statutory requirements. The judgment of 1899 did not cover or extend to parcel No. 3 of the present proceedings.

It is a general rule that an injunction is only binding upon the persons or parties named in the decree. The remedy is

strictly *in personam*.   14 Ruling Case Law, 307.   An injunction operates *in personam*, and it will not issue against one not within the jurisdiction of the court.   32 Corp. Jur. 83.

It is the contention of the appellant that the judgment of 1899, though running against only Groth and Gruhl, must be obeyed by their heirs, successors, and assigns in ownership of the property therein described.   There would be force in the authorities to the appellant's contention if the judgment had run against the defendants in that proceeding and all other persons claiming under them.   The judgment in such a case is sometimes held to be *in rem* and a burden upon the real estate, creating a limitation upon the use of such property by all subsequent owners, lessees, or occupants. The judgment against Groth and Gruhl is not so broad.   It is limited strictly to the then owners, and we think it should not be held to apply in a case of this kind.

The cemetery extension, as proposed in 1899, was a nuisance only by reason of the statutory condemnation, which does not now exist.   The judgment did not provide a restriction running with the land, but only enjoined the parties. While better practice would have been to have applied to the circuit court for modification of the judgment, under the facts of this case we must hold that the judgment of 1899 does not prohibit petitioners from proceeding herein in accordance with the order of the county court.

*By the Court.*—The order of the county court is affirmed.