STATE, Respondent, vs. MARCUS, Appellant.*

*September 14—October 9, 1951.*

* Motion for rehearing denied, with $25 costs, on December 4, 1951.

544

For the appellant there were briefs by the *Attorney General* and *Stewart G. Honeck,* deputy attorney general, attorneys, and *Daniel H. Grady* of Portage of counsel, and oral argument by *Mr. Honeck* and *Mr. Grady.*

*Harold E. Stafford* of Chippewa Falls, for the respondent.

CURRIE, J. Counsel for the respondent contends that even if the order of May 2, 1950, directing the defendant, as commissioner of the motor vehicle department, to issue the occupational license to Gerhard were erroneous (which counsel vigorously denies), nevertheless, it was the duty of the defendant to obey such order and his refusal to do so subjected him to punishment for contempt. As authority for such decision he cites the decision of this court in *State ex rel. Attorney General v. Fasekas,* 223 Wis. 356, 269 N. W. 700, written by Mr. Chief Justice ROSENBERRY, wherein it was stated (p. 358):

"The defendant flouted the court and contumaciously refused to abide by an order made by a competent court having jurisdiction over his person and the subject matter of the controversy. Whether the order was right or wrong, it was the duty of the defendant to obey it until relieved therefrom in some one of the ways prescribed by law."

In 17 C. J. S., Contempt, p. 21, sec. 14, this same principle of law is stated as follows:

"Since an order, judgment, or decree of a court having jurisdiction of the parties and the subject matter cannot be collaterally attacked in the contempt proceedings, but must be modified or vacated if erroneous, by a direct proceeding, disobedience of an order made by a court within its jurisdiction and power is a contempt, although the order may be clearly erroneous."

The position of the appellant is that when a judge functions in issuing an order for an occupational license pursuant to the authority conferred upon him by statute he is acting in an administrative capacity and not in a judicial capacity, and while so acting in such administrative capacity has no power to punish for contempt.

Sec. 85.08 (25c) (a), (b), Stats., provides as follows:

"(25c) *Occupational licenses.* (a) Upon verified petition setting forth in detail the need of any person convicted of violating any law or ordinance prohibiting a person from operating a motor vehicle while under the influence of intoxicating liquor, *a judge of a court of record or of a municipal court having criminal jurisdiction in the county of residence* may order the commissioner to issue an occupational license to such person provided that such person has not been convicted of any such offense within the preceding eighteen-month period. A copy of the petition shall be mailed to the department with the occupational order. No occupational license shall be ordered or issued until after ninety days following the date of the conviction.

"(b) An occupational license means authority to operate a motor vehicle not to exceed twelve hours per day and then only where such operation is an essential part of the occupation or trade. The order for issuance of an occupational license shall contain definite restrictions as to hours of the day, type of occupation, areas or routes of travel to be permitted under such license. *If the order for an occupational license permits the convicted operator to operate vehicles. other than those registered in the name of the person or company by which he is employed, the commissioner of the motor vehicle department. shall not issue an occupational*

*license to such person until such person has filed accept-
able proof of his financial responsibility as specified in
section 85.09.* The period of restricted operation under an
occupational license shall be for one year from the date of
conviction." (Emphasis supplied.)

It is significant that the power to issue the order is
not vested in a court but is specifically conferred upon
*"a judge"* of the court. We also believe that the provision
in sec. 85.08 (25c) (b), Stats., "the commissioner of the
motor vehicle department *shall not issue* an occupational
license . . . until such person has filed acceptable proof of
his financial responsibility as specified in section 85.09" is
significant in determining whether a judge passing upon
an application for occupational license is acting in an admin-
istrative and not a judicial capacity. To construe the statute
as providing that the judge, in issuing an order directing
the commissioner to issue an occupational license, is acting
in a judicial capacity, and then to provide that the commis-
sioner shall not issue such an occupational license until
the applicant has filed acceptable proof of his financial re-
sponsibility, would create the anomalous situation of a
statute specifically directing the commissioner under certain
circumstances not to obey a court order, thus subjecting
him to possible contempt proceedings.

Counsel for the plaintiff cites the provision of sec. 269.29,
Stats., which provides, "The court may make any order
which a judge or court commissioner has power to make"
as authority for the proposition that the court, as well as
the judge, could make the order under sec. 85.08 (25c) for
the issuance of an occupational driver's license, and that
being so, a judicial function and not an administrative one
must have been intended by sec. 85.08 (25c). However, we
consider a reasonable construction of the quoted portion
of sec. 269.29 to be that it is applicable only to a situation

where the judge is acting in a judicial, and not in an administrative capacity.

In the case of *Cincinnati v. Wright,* 77 Ohio App. 261, 67 N. E. (2d) 358, it was held that the granting, suspension, or revocation of licenses to operate motor vehicles are legislative and executive functions, and that the power to grant, suspend, and revoke such licenses can be conferred on administrative officers, as well as on courts, and therefore a motorist who was charged with violating a municipal ordinance which authorized the court to suspend his driver's license on conviction was not entitled to a jury trial. The Ohio court of appeals in its opinion quoted the following statement appearing in 5 Am. Jur., Automobiles, p. 593, sec. 157:

" 'It is competent for the legislature to prescribe the conditions under which the privilege of operating an automobile on the public highways may be exercised.' "

And followed the same with this statement of its own (p. 263) :

"This regulatory power, like all other phases of the police power, is legislative and administrative, and when properly exercised presents no occasion for the exercise of the judicial power."

The question of whether the power conferred by sec. 85.08 (25c), Stats., upon a judge to order the issuance of an occupational driver's license is administrative or judicial in character apparently has not heretofore been before this court. In the case of *State ex rel. Department of Agriculture v. Aarons,* 248 Wis. 419, 22 N. W. (2d) 160, this court had before it the construction of ch. 32, Stats., covering condemnation proceedings. Sec. 32.04 provides that a person desiring to acquire any property by condemnation shall present a verified petition therefor "to the county or circuit judge of the county" where the property is

situated; and sec. 32.08 provides that if the petitioner is entitled to condemn the property "the judge" shall appoint three freeholders as commissioners. The respondent AARONS, circuit judge for Milwaukee county, dismissed the petition for condemnation thus failing to appoint commissioners, and the state on the relation of the department of agriculture filed application for leave to commence an original action in this court for the purpose of obtaining an alternative writ to compel him to appoint such commissioners. The application to this court was based on sec. 3, art. VII of the state constitution conferring upon this court general superintending control over all inferior courts and giving it power to issue writs of mandamus. In the opinion in that case it was stated (p. 423):

"The superintending power is over the courts and not over *the person who happens to be judge of the court acting in an administrative capacity.* Here we have an individual who, it is true, must be a county judge or circuit judge, refusing to appoint commissioners. Certainly if the law provided that the commissioners should be appointed by the chairman of the county board, or the city mayor, no one would contend that this court should, in the exercise of its superintending power, issue a writ where there is no action in court. This matter has not been before an inferior court." (Emphasis supplied.)

The decision in *State ex rel. Department of Agriculture v. Aarons, supra,* was in keeping with the earlier decision in *Tobin v. Willow River Power Co.* 208 Wis. 262, 242 N. W. 480, wherein it was held that a proceeding under ch. 32, Stats., was one before the judge, and not a proceeding in court.

In the case of *Ex parte Ballew,* 20 Okla. Crim. Rep. 105, 108, 201 Pac. 525, an Oklahoma statute made it the duty of the *"judge of any court of record,"* upon the written request of the county attorney, or upon the sworn complaint

of any other person, to issue a subpoena for any witness that might have knowledge of the violation of the state prohibition law and to compel such witness to appear before him and testify as to such knowledge and produce any books or papers which would aid in the prosecution of such inquiry. The statute gave the judges the right to punish for contempt any person who failed to appear in response to the subpoena or, appearing, refused to answer any proper question. Such a proceeding was called a "court of inquiry." A district judge (whose judicial office is comparable to a circuit judge of this state) had conducted such a court of inquiry at which testimony was given indicating that the petitioner Ballew, a deputy sheriff, was acting in collusion with known violators of the prohibition law. Thereafter Ballew met the judge late in the evening of a subsequent day and called the judge's attention to some remarks which the judge had made while conducting such court of inquiry which Ballew considered objectionable, and administered a physical assault upon the judge. The judge, assuming to act as the district court, cited Ballew and found him guilty of contempt stating "Your unprovoked assault upon the district judge of this county was a brutal attack upon the dignity of this court," and sentenced Ballew to the county jail for sixty days and fined him $200. Unless the court of inquiry were a court of record, there was no power in the judge to punish for contempt under Oklahoma law.

The Oklahoma criminal court of appeals stated in its opinion in *Ex parte Ballew, supra,* wherein it ordered petitioner discharged, with reference to the duties of a district judge while conducting a court of inquiry (p. 113) :

"The duties devolving upon the judge in these special proceedings are for the most part ministerial, and not judicial. The legislature might have delegated this power to the mayor of the city, to some notary public, or to some other officer. The fact that this power was delegated to a judge does not

necessarily make him a court of record. *Burfenning v. R. I. & P. R.* 163 U. S. 321, 16 Sup. Ct. 1018, 41 L. Ed. 175; *State v. Huser,* 76 Okla. 130, 184 Pac. 113.

"The power to punish for contempt is predicated upon the fact that the accused has in some manner interfered with judicial functions. The absence of judicial authority to act in the principal action or proceeding makes an order of a judge punishing for contempt in that act a nullity. *Ex parte Rowland,* 104 U. S. 604, 26 L. Ed. 861; *Ex Parte Gudenoge,* 2 Okla. Crim. Rep. 121, 100 Pac. 39."

We are of the opinion that sec. 85.08 (25c) (a), Stats., conferred no judicial power upon the county court of Chippewa county and that the county judge in entering the order directing the issuance of an occupational license to the applicant Gerhard was acting solely in an administrative capacity. In acting in such administrative capacity, the judge was without power to punish for contempt. Sec. 85.08 (34a) grants a right of review under the provisions of ch. 227 (the Uniform Administrative Procedure Act) to an applicant, such as Gerhard, who might contend that the commissioner or motor vehicle department erroneously refused to issue an occupational driver's license after a proper order for the same had been procured, but the county judge was without power to test the issue in contempt proceedings.

*By the Court.*—Judgment reversed.