STATE EX REL. MARCUS, Commissioner, Relator, vs. COUNTY COURT and COUNTY JUDGE OF CHIPPEWA COUNTY, Respondents.

*December 7, 1951—February 5, 1952.*

For the relator there was a brief by the *Attorney General, Stewart G. Honeck,* deputy attorney general, and *Roy G. Tulane,* assistant attorney general, and oral argument by *Mr. Tulane.*

*Harold E. Stafford* of Chippewa Falls, for the respondents.

PER CURIAM. In the motion filed by respondents to quash the proceedings it is alleged, "that the order of said county court and of said presiding judge complained of is not a judicial order, and is purely administrative." The

following statement appears in the brief filed in behalf of the respondents on the motion to quash:

"It was stated upon the oral argument that the order of Judge LARRABEE to show cause was signed 'By the Court.' This was purely inadvertence on the part of the busy attorney who drafted it. Perhaps, to be technically correct such phrase should have been omitted. It should have indicated that it was issued by the judge and not by the court. Is this error of sufficient magnitude to make the case one of great exigency or *publici juris*? We think not. It should be disregarded as mere surplusage. It may be that we do not appreciate the great volume of orders, judgments, and papers signed by county judges. We wish to call the court's attention to the fact that although the order to show cause purports to be issued by the court, it is returnable before the judge and not before the court. The notice to the defendant is that of a pending matter before the judge. It is not a case where it is proposed that the county court, as distinguished from the judge thereof, proposes to assume jurisdiction to issue orders for occupational licenses."

From the foregoing it is abundantly clear that the respondent LARRABEE has correctly interpreted our opinion in *State v. Marcus* (1951), 259 Wis. 543, 49 N. W. (2d) 447, wherein it was held that sec. 85.08 (25c), Stats., confers no judicial power upon county courts, and that any order issued pursuant thereto is an administrative order and not a judicial order. We are of the opinion that the fears of relator are groundless that other county courts will misinterpret our decision in *State v. Marcus, supra,* and because of such misinterpretation will conclude that if orders made pursuant to sec. 85.08 (25c) in occupational-license matters, are issued in the name of the court, instead of the judge of such court, they thereby become judicial orders, instead of administrative orders.

It is very clear that this is not a case where the respondents deliberately sought to circumvent or disregard a decision of

this court, and therefore it is not a proper case for the exercise of the superintending power conferred upon this court by sec. 3, art. VII of the Wisconsin constitution.

Writ denied.