SCHROEDEL CORPORATION, Respondent, v. STATE HIGH-
WAY COMMISSION, Appellant.

*January 30—February 28, 1967.*

34

For the appellant the cause was argued by *Richard E. Barrett*, assistant attorney general, with whom on the brief were *Bronson C. La Follette*, attorney general, *Robert P. Russell*, corporation counsel of Milwaukee county, and *Hugh R. Braun*, assistant corporation counsel.

For the respondent there was a brief by *Whyte, Hirschboeck, Minahan, Harding & Harland*, attorneys, and *Roger C. Minahan, Richard P. Buellesbach*, and *Richard C. Ninneman* of counsel, all of Milwaukee, and oral argument by *Mr. Ninneman* and *Mr. Roger C. Minahan*.

CURRIE, C. J.   The single issue presented by this appeal is:

Was the assignment of the condemnation appeal to the county condemnation commission made by Circuit Judge ROLLER as a judge or as a court?

Jurisdiction to enter an order assigning an appeal to a condemnation commission pursuant to sec. 32.05 (9), Stats., lies with a circuit or county judge of the county

wherein the subject property is located. A court lacks such jurisdiction.[2] Sec. 32.05 (9) in part provides:

"(9) APPEAL FROM AWARD BY OWNER OR OTHER PARTY IN INTEREST. (a) *Any party having an interest in the property condemned may,* within 2 years after the date of taking, *appeal from the award,* except as hereinafter limited *by applying to the judge* of the *circuit* or county court of the county wherein the property is located for assignment to a commission of county condemnation commissioners as provided in s. 32.08. Such application shall contain a description of the property condemned and the names and last known addresses of all parties in interest but shall not disclose the amount of the jurisdictional offer nor the amount of the basic award. Violation of this prohibition shall nullify such application. Notice of such application shall be given to the clerk of the court and to all other persons other than the applicant who were parties to the award. Such notice may be given by certified mail or personal service. Upon proof of such service the *judge* shall forthwith make such assignment. . . ." (Emphasis added.)

Appellant contends, predicating its contention exclusively on the pleadings of the Schroedel Corporation, that the application for assignment was directed to the circuit court, not to a judge and, therefore, was fatally defective. Judge WATTS received the application and concluded that despite the irregularities, the assignment to the condemnation commission was made by the circuit judge, and was not an action or proceeding pending in court. In his memorandum of bench decision and order, Judge WATTS recited:

"It is the finding of the court:
"  .  .  .
"4. That the papers in the case at bar are irregular, but taken in their full context are interpreted to ask for relief under Section 32.05 (9) of the Wisconsin Statutes and the Order of Assignment to the Condemnation Commission was by the 'Circuit Judge' and not by the Court,

[2] *Acheson v. Winnebago County Highway Comm.* (1961), 14 Wis. (2d) 475, 477, 111 N. W. (2d) 446.

all of which are deemed by this Court to be sufficient to comply with the statutes as an administrative function."

Before considering the papers filed by the Schroedel Corporation, it should be noted that the instant appeal is primarily attributable to the *procedure* followed in Milwaukee county respecting appeals to the condemnation commission (sec. 32.05 (9) Stats.). Judge WATTS in his oral bench decision, and counsel for the Schroedel Corporation in their briefs, have set forth the Milwaukee county procedure. To secure the signature of a judge on an order assigning an appeal to the condemnation commission the required papers must be filed with the clerk of circuit court, who, after $13 is deposited, assigns a file number and designates the judge to whom the papers are to be taken. Without such a designation, counsel for the Schroedel Corporation states, a circuit judge will not enter an order assigning the matter to the condemnation commission.

There is reason to question the propriety of the foregoing procedure. The assignment by a judge to a condemnation commission is but an *ex parte* administrative proceeding and not an action. In *Acheson v. Winnebago County Highway Comm.*[3] this court, speaking of such an assignment, stated:

". . . This function of the judge is administrative, not judicial. Until the commissioners have made an award, a proceeding under ch. 32, Stats., is not of a judicial nature, the judge merely acting in an administrative capacity." [4]

We also stated in *Madison v. Tiedeman:* [5]

" '. . . it is only after such an appeal has been taken from the commissioners' award to the circuit court, . . .

---

[3] *Supra,* footnote 2, at page 478.

[4] In accord: *Barrows v. Kenosha County* (1957), 275 Wis. 124, 125, 81 N. W. (2d) 519, and cases cited therein.

[5] (1957), 1 Wis. (2d) 136, 142, 83 N. W. (2d) 694.

that there can be held to be pending any action or proceeding in any court.' " [6]

Additionally, in *Klump v. Cybulski* [7] it is stated:

". . . Until the commissioners have made an award, it is not a judicial proceeding, and the judge acts in an administrative capacity. . . . Hence rules applicable to judicial proceedings in a court are not controlling."

Judge WATTS, taking specific note of Milwaukee procedure, before considering the papers filed by the Schroedel Corporation, concluded in his memorandum of bench decision and order:

"1. ·That the appeal procedure under Section 32.05 (9) of the Wisconsin Statutes from the award to the Condemnation Commission is an administrative function performed by the Judge and is not a Court action.

". . .

"3. That the Clerk of Court is not entitled to a $13 filing fee on this type of administrative function because it is not a Court action."

It has been suggested that where an order assigning an appeal to the condemnation commission is sought, the application be taken directly to a judge. The action taken by the judge, in assigning such an appeal, is not entirely dissimilar from that taken where parties to be married request a dispensation of the required five-day period between application for and the issuance of a marriage license. (Sec. 245.08, Stats.)

There is, however, some indication from that part of sec. 32.05 (9), Stats., relating to appeals by other parties in interest that an appeal must be filed, presumably with the clerk of the circuit or county court. Sec. 32.05 (9) in relevant part provides:

---

[6] Quoting from *Olen v. Waupaca County* (1941), 238 Wis. 442, 446, 300 N. W. 178.

[7] (1957), 274 Wis. 604, 614, 81 N. W. (2d) 42.

". . . In cases involving more than one party in interest with a right to appeal, the first of such parties *filing an appeal* under this subsection or under sub. (11) shall determine whether such appeal shall be under this subsection or under sub. (11). No party in interest may *file an appeal* under this subsection if another party in interest in the same lands has *filed a prior appeal complying with the requirements of sub. (11).* Thereafter the procedure shall be as prescribed in s. 32.08." (Emphasis added.)

Reference to sec. 32.05 (11), Stats., waiver of hearing before commission; appeal to circuit court and jury, is also an indication that the appeal is to be filed.

Lastly, sec. 32.08 (6) (b), Stats., provides that the commission shall make a written award "and file such award with the clerk of the circuit court, who shall . . . record the original in the judgment book of such court."

Keeping in mind these statutory provisions, we deem it pertinent for us at this point to consider, seriatim, all of the relevant documents filed by the Schroedel Corporation.

On August 10, 1965, the Schroedel Corporation filed with the clerk of circuit court for Milwaukee county, civil division, an appeal to the condemnation commission of Milwaukee county and a $13 filing fee was paid. The venue line reads: "State of Wisconsin: Circuit court civil division: Milwaukee county." The document is entitled an appeal. The first line in the body recites: "To the circuit court for the county of Milwaukee:" The condemnor is referred to as "Defendant" and the Schroedel Corporation, the condemnee, is referred to as "Plaintiff." The wherefore clause states: "Wherefore, Petitioner prays that the *Judge* of the Circuit Court to whom this action is assigned, enter an Order assigning this appeal from the above described Award of Damages *to the Condemnation Commission* for Milwaukee County,

pursuant to Section 32.05 (9) of the Wisconsin Statutes."
(Emphasis added.)

Appellant contends that the above-described document
set venue in the circuit court and thereby evidenced the
intent of the Schroedel Corporation to petition the circuit
*court.*

As previously noted, Milwaukee county procedure re-
quires the papers necessary for an assignment to the
condemnation commission to be filed with the clerk of
circuit court.

Rule 3.01 (1) *Rules of County Board of Judges of
Milwaukee County* states:

"The venue of the action or proceeding shall be stated
in the caption of the summons, pleading, or papers to be
served or filed, substantially as follows:
" 'State of Wisconsin ———— Court—Milwaukee Coun-
ty ———— Division'."

No exception is provided for condemnation appeals
taken pursuant to sec. 32.05 (9), Stats.

As to the caption of the document, the following prin-
ciple stated at 71 C. J. S., Pleading, p. 161, sec. 67, is
apropos.

". . . While a caption or title may be considered a
proper formal part of a declaration, complaint, or peti-
tion, it has been said that, strictly speaking, a caption
is no part thereof, except where, by express reference
thereto in the pleading itself, it is made a part thereof,
and that the caption of a complaint constitutes no part
of the statement of the cause of action; and accordingly
it has generally been held that a defective caption, or
the absence of a caption, is merely a formal defect and
not fatal, and may be waived by answering to the
merits."

Appellant asserts that it was improper to designate
the condemnor as "defendant" and the condemnee as
"plaintiff." Sec. 32.05, Stats., provides three procedural
avenues for appeal from a condemnation award. Under

sec. 32.05 (9) an appeal from the basic award may be taken by applying to a circuit or county judge for assignment of the matter to the county condemnation commission as provided in sec. 32.08. Sec. 32.05 (9) does not specify how the parties are to be designated except that the term "appellant" is mentioned. After the commission has ruled, sec. 32.05 (10) specifies the procedure for appeal to the circuit court, the second avenue of appeal. Sec. 32.05 (10) specifically designates the condemnor as "defendant" and the condemnee as "plaintiff."

As a third procedure for appeal, sec. 32.05 (11), Stats., provides that an owner of property which is condemned may waive the appeal procedure specified in sec. 32.05 (9) (appeal to commission) and appeal directly to the circuit court of the county wherein the property is located, from the basic award. Sec. 32.05 (11) also designates the condemnor as "defendant" and the condemnee as "plaintiff."

Thus, both subsections which treat appeals to the circuit court designate the parties as plaintiff and defendant. Appellant contends that the use of plaintiff-defendant nomenclature was an indication that the Schroedel Corporation intended the matter to proceed in the circuit court pursuant to sec. 32.05 (11), Stats.

Since both subsection 32.05 (10) and (11), Stats., designate the parties as plaintiff and defendant on appeal, it does not seem a departure from logic to designate the parties as plaintiff and defendant where an appeal to the commission is taken. The parties were concededly adverse parties.

Neither this court nor the legislature has indicated how the parties are to be designated on appeal under sec. 32.05 (9), Stats. Of note is *Acheson v. Winnebago County Highway Comm.*,[8] wherein the respondent highway committee moved to dismiss an application for ap-

---

[8] *Supra,* footnote 2.

peal to the condemnation commission by Acheson, the condemnee, because it disclosed the "basic award" contrary to the provisions of sec. 32.05 (9). The question of how parties are to be designated was not discussed but a part of the condemnee's application was set out in the opinion. The condemnee was designated "petitioner [appellant]." [9] "[T]he words 'petitioner' and 'plaintiff' . . . [are however] practically synonymous in legal nomenclature." [10]

The application for appeal recites: "To the circuit court for the county of Milwaukee." Appellant contends this establishes "conclusively" the intention of the Schroedel Corporation to have the matter heard by the circuit court. Undoubtedly the application was so addressed because of the prevailing Milwaukee procedure previously discussed.

Appellant apparently discounts the clear intent evinced in the prayer for relief. The wherefore clause recites:

"WHEREFORE, Petitioner prays that the *Judge* of the Circuit Court to whom this action is assigned, enter an Order assigning this appeal from the above described Award of Damages *to the Condemnation Commission* for Milwaukee County, *pursuant to Section 32.05 (9)* of the Wisconsin Statutes." (Emphasis added.)

The clear intent of the foregoing clause considered in light of the well-established law that the judge, when making an assignment to the condemnation commission, is acting in an administrative capacity only, leads to the conclusion that while the application may have been addressed to the circuit court, it was intended to invoke the jurisdiction of the judge. The application unequivocally asked for relief from a judge under sec. 32.05 (9),

[9] Id. at page 477.
[10] *Atlantic Coast Lumber Corp. v. Morrison* (1929), 152 S. C. 305, 310, 149 S. E. 243. See also 32A Words & Phrases, Petitioner, 9, 10.

Stats. It should not be interpreted as an application to the court for relief.

Other documents filed by the Schroedel Corporation have a bearing on the issue before this court.

(1) On August 23, 1965, a Notice of Appeal was filed. The venue line reads: "State of Wisconsin: Circuit court [civil division]: Milwaukee county." In the body thereof the following language appears: ". . . and has made application to the Circuit Court for Milwaukee county for an Assignment of this matter *to the Condemnation Commission* for Milwaukee County." (Emphasis added.)

(2) On August 23, 1965, an affidavit of mailing was filed. The venue line reads the same as that of the notice of appeal.

(3) The last material document entitled order of assignment was filed August 25, 1965. Again the venue line is the same. The first paragraph in part recites ". . . and having requested that said matter be *assigned to a Commission of County Condemnation Commissioners,* pursuant to the provisions of Chapter *32.05 (9)* of the Wisconsin Statutes . . . ." (Emphasis added.) The second paragraph begins with the following language: "Now, therefore, it is ordered: That the above entitled matter is hereby assigned to Fred L. Luehring, Chairman of the County Condemnation Commissioners of Milwaukee County, Wisconsin . . . ." (Emphasis added.) The order is signed by Judge ROLLER, "Circuit Judge," *not* "By the Court."

From a reading of the documents in their entirety, the intention of counsel for the Schroedel Corporation was to proceed under sec. 32.05 (9), Stats. (Appeal to condemnation commission.)

The following decisions, by way of analogy, are of aid in resolving the issue raised by the irregularity of the documents of record. In *State ex rel. Marcus v. County*

*Court* [11] an original action for a writ of prohibition was commenced to restrain the judge of the county court of Chippewa county from proceeding as a court in the matter of an application for an occupational motor vehicle operator's license under sec. 85.08 (25c), Stats. 1949 (presently sec. 343.10). The statute authorizes "a judge of a court of record" to order the commissioner to issue such a license. An affidavit denominated a petition in the county court was filed in support of the application for the occupational license. An order was subsequently issued, signed "By the Court" ordering the commissioner of the Wisconsin motor vehicle department, Marcus, to show cause why the license should not issue. The relator, Marcus, alleged that the county judge misinterpreted a prior decision and erroneously issued an order by the court instead of by the judge of such court. In denying the writ this court held the use of the word "court" mere surplusage. The court further stated:

"... We are of the opinion that the fears of relator are groundless that other county courts will misinterpret our decision in *State v. Marcus, supra,* and because of such misinterpretation will conclude that if orders made pursuant to sec. 85.08 (25c) in occupational-license matters, are issued in the name of the court, instead of the judge of such court, *they thereby become judicial orders,* instead of administrative orders." (Emphasis added.) [12]

Also of note is *Thielman v. Lincoln County Highway Comm.* [13] which involved an application to the county judge under sec. 83.08, Stats. 1951, for an appraisal of the condemnee's damages. Respondent, the Lincoln county highway committee, contended that the condemnee's appeal to the circuit court from the award was properly dismissed because the original proceedings were had before the county court rather than the county judge. The

[11] (1952), 260 Wis. 532, 51 N. W. (2d) 503.

[12] Id. at page 535.

[13] (1952), 262 Wis. 134, 54 N. W. (2d) 50.

essential papers established that the proceedings were before the judge, not the court. Two entries appeared in the docket recording adjournments "By the Court." Another entry recited: "Court takes matter under advisement." The docket entries, the court held, were surplusage. However, it was stated:

". . . The essential papers, the application, the notice of hearing, and the award, establish clearly that the proceedings were had before the judge and not the court. That the order for hearing is signed 'By the Court,' is not sufficient to change the character of the proceedings." [14]

Appellant correctly contends that condemnation statutes are in derogation of common law and must be strictly construed.[15] Although these Wisconsin cases do not support the proposition that such statutes are to be strictly construed against the condemnor and in favor of the condemnee,[16] there are numerous decisions from other jurisdictions which so hold.[17] For example, in *In re State Highway Commissioner*,[18] a Michigan decision, it is said with respect to condemnation statutes, "The construction must be *in favor of the landowner*." (Emphasis added.)

[14] Id. at page 139.

[15] See for *e. g.*, *Madison v. Tiedman, supra,* footnote 5, at page 143; *Barrows v. Kenosha County, supra,* footnote 4, at page 125; *Gruhl Realty Co. v. Groth* (1927), 193 Wis. 108, 111, 213 N. W. 657.

[16] See: *Heidersdorf v. State* (1958), 5 Wis. (2d) 120, 92 N. W. (2d) 217; *Madison v. Tiedeman, supra,* footnote 5; *Barrows v. Kenosha County, supra,* footnote 4; *Gruhl Realty Co. v. Groth, supra,* footnote 15.

[17] See: *Walthill v. Iowa Electric Light & Power Co.* (8th Cir. 1956), 228 Fed. (2d) 647; *Peavy-Wilson Lumber Co. v. Brevard County* (1947), 159 Fla. 311, 31 So. (2d) 483, 172 A. L. R. 168; *Higgins v. Loup River Public Power Dist.* (1953), 157 Neb. 652, 61 N. W. (2d) 213.

[18] (1930), 252 Mich. 116, 124, 233 N. W. 172.

Although the essential papers filed by the Schroedel Corporation do contain irregularities, a total reading of such papers discloses a clear intent to appeal to the condemnation commission under sec. 32.05 (9), Stats., and supports the conclusion that the assignment by Judge ROLLER was an assignment by a judge and not that of a court.

With respect to the $13 filing fee, Judge WATTS was correct in concluding:

"3. That the Clerk of Court is not entitled to a $13 filing fee on this type of administrative function because it is not a court action."

*By the Court.*—Order affirmed and cause remanded for further proceedings consistent with this opinion.