J. DENIS MORAN, Director State Courts
You have asked several questions regarding the following statutes. Section 346.655(1), Stats., reads:
 Driver improvement surcharge. (1) On or after January 1, 1982, if a court imposes a fine or a forfeiture for a violation of s. 346.63(1), or a local ordinance in conformity therewith, or s. 346.63(2) or 940.25, or s. 940.09 where the offense involved the use of a vehicle, it shall impose a driver improvement surcharge in an amount of $150 in addition to the fine or forfeiture and penalty assessment.
Section 345.47(1)(a) and (b) reads:
 Judgment of forfeiture and penalty assessment. (1) If the defendant is found guilty, the court may enter judgment against the defendant for a monetary amount not to exceed the maximum forfeiture and penalty assessment, if required by s. 165.87, provided for the violation and for costs under s. 345.53 and, in addition, may suspend or revoke his or her operating privilege under s. 343.30. If the judgment is not paid, the court shall order:
 (a) That the defendant be imprisoned for a time specified by the court until the judgment is paid but not to exceed 90 days; or
 (b) In lieu of imprisonment and in addition to any other suspension or revocation, that the defendant's operating privilege be suspended for a period of time not less than 30 days nor more than 6 months. If the person pays the forfeiture and the penalty assessment, if required by s. 165.87, after suspension under this *Page 25 
section, the suspension shall be reduced to the minimum period of 30 days. Suspension under this paragraph shall not affect the power of the court to suspend or revoke under s. 343.30 or the power of the secretary to suspend or revoke such operating privilege.
Your first question is whether imprisonment or suspension under section 345.47(1)(a) and (b) eliminates the liability of a defendant for payment of the surcharge provided in section346.655(1). The answer is no. The law provides a method for coercing payment of judgments in traffic cases. A person may be imprisoned until he pays, but not longer than ninety (90) days. In the alternative, the driver's operating privilege may be suspended until the judgment is paid, but not longer than six (6) months. If a person chooses to serve the full period of imprisonment or suspension, he cannot be further imprisoned or suspended. However, the imprisonment or suspension does not extinguish the obligation to pay. In State ex rel. Pedersen v.Blessinger, 56 Wis.2d 286, 295 n. 6, 201 N.W.2d 778 (1972), the court said that section 973.07, which contemplates imprisonment until the fine and costs are paid, does not provide even by implication that such imprisonment is in satisfaction of the debt. This is the rule in this state although in many other states the contrary is true.
Your second question is whether the county is liable for the payment of the surcharge to the state treasurer if the defendant does not pay. The answer is no. There is no provision making the county liable where such surcharge is not paid by the defendant.
Your third question is what enforcement mechanisms are available to collect the surcharge from the defendant. As to the first offense of driving under the influence, which is a civil forfeiture action, the forfeiture may be collected in a civil action brought under chapter 778. As to the second offense of driving under the influence, which is criminal, the method of collecting the fine and other charges is set forth in section973.07. The court may sentence the defendant to jail until the fine and other charges are paid, but not to exceed six (6) months. If the fine is not paid, the judgment may be perfected and execution issued as provided in chapter 815.
Your last question is whether an application to a judge for an occupational license under section 343.10 is a special proceeding within the meaning of section 814.61(1)(a). thus requiring payment *Page 26 
of a clerk's filing fee. The answer is no. Section 801.01(1) provides that proceedings in courts are divided into actions and special proceedings. It also provides that the word "action," as used in chapters 801 to 847, includes "special proceeding" unless otherwise provided. Thus a special proceeding is an action in court. Section 814.61 relates to civil actions in court. Section814.61(1) provides for a clerk's filing fee at the commencement of all civil actions and special proceedings. This applies only to actions and special proceedings in court.
Section 343.10(1) provides that an application for an occupational license may be filed with a judge of a court of record. It further provides that the judge may issue an order for an occupational license. In State v. Marcus, 259 Wis. 543,49 N.W.2d 447 (1951), the court pointed out that the occupational license statute confers no judicial power on the court and that the judge in entering the order is acting solely in an administrative capacity. Thus it is clear that an application for an occupational license is not a special proceeding in court and no clerk's fee is required.
BCL:AH