ACHESON, Appellant, v. WINNEBAGO COUNTY HIGHWAY COMMITTEE, Respondent.

*October 3—October 31, 1961.*

For the appellant there was a brief by *Edgar E. Becker* and *Patrick F. Coughlin,* both of Appleton, and oral argument by *Mr. Becker.*

For the respondent there was a brief by *Lewis C. Magnusen,* and oral argument by *James J. Williamson,* both of Oshkosh.

BROWN, J. Pursuant to sec. 84.09, Stats. 1957, on April 25, 1958, the Winnebago County Highway Committee made an award of compensation for taking appellant's land for highway purposes. Sec. 84.09 (2), Stats. 1957, gave appellant the right within two years to apply to the county judge for him to appraise the value of the land so taken. The 1959 legislature changed the statutes by ch. 639, Laws of 1959, published February 5, 1960, and effective April 5, 1960. On April 22, 1960, appellant applied to the county judge for him to determine the value of the land taken. The 1959 statutes were thus in effect when appellant made his application.

Those material to this appeal are:

Sec. 2 of ch. 639, Laws of 1959, published February 5, 1960:

"(1) In all cases where awards in condemnation have been made within two years prior to the effective date of this act under secs. . . . 84.09 . . . (Stats. 1957), the right of appeal from such awards granted by such statutes shall remain in force provided:

"(a) Any appeal from awards under secs. . . . 84.09 . . . (Stats. 1957), not yet taken shall hereafter be taken as provided in sec. 32.05 of the statutes as created by this act."

Sec. 32.05 (9) (a), Stats. 1959:

"Any party having an interest in the property condemned may within two years after the date of taking, apply to the judge of the circuit or county court of the county wherein the property is located for assignment to a commission of county condemnation commissioners as provided in sec. 32.08. Such application shall not disclose the amount of the jurisdictional offer nor the amount of the basic award. Violation of this prohibition shall nullify such application. . . ."

Sec. 32.08, Stats., provides that the county condemnation commission shall ascertain the compensation to be made for the taking of the property.

Appellant's application contained the following statements:

"2. . . . The Winnebago County Highway Committee . . . and the highway commission of the state of Wisconsin, made an award of damages for the taking of said lands in fee-simple title for highway purposes, said award being in the amount of $2,225. . . .

"6. That the cost and value to the petitioner [appellant] of the premises so taken by the county and state is greatly in excess of the sum of $2,225, the amount of the award given by the County Highway Committee; . . ."

Respondent Highway Committee moved to dismiss the application because it disclosed the "basic award" contrary to sec. 32.05 (9) (a), Stats., and was therefore a nullity.

The county court granted respondent's motion and also denied appellant's motion for leave to amend his application. The property owner has appealed.

Appellant's application was to the county judge. When a valid application is made, sec. 32.05 (9), Stats., directs the judge to assign to county condemnation commissioners

the task of ascertaining the compensation to be paid for the taking of the property, as provided in sec. 32.08. This function of the judge is administrative, not judicial. Until the commissioners have made an award, a proceeding under ch. 32, Stats., is not of a judicial nature, the judge merely acting in an administrative capacity. *Barrows v. Kenosha County* (1957), 275 Wis. 124, 125, 81 N. W. (2d) 519. The record shows that there has been no assignment to the commissioners by the judge and, of course, no award by them. As we said in *Barrows v. Kenosha County, supra,* we have no authority to entertain an appeal taken prior to the making of an award by the commissioners appointed for that purpose. The present landowner's appeal to the county court is subject to the same lack of jurisdiction. Nor do the statutes give the judge as an administrative officer jurisdiction to review the County Highway Committee's award.

Turning to appellant's motion for leave to amend his application, it is apparent that the judge in his administrative capacity lacks jurisdiction to make the order appellant requests. Appellant's citation of sec. 269.44, Stats., provides:

"AMENDMENTS OF PROCESSES, PLEADINGS, AND PROCEEDINGS. The *court* may, at any stage of any action or special proceeding before or after judgment, . . . amend any process, pleading, or proceeding, . . ." (Our italics.)

The power which the statute gives is given to the court. At present the judge has only the power of the administrative officer. He is not yet exercising the functions of a court. Furthermore, sec. 32.14, Stats., authorizes a *court or judge* to permit amendments to a petition *filed pursuant to sec. 32.06,* but sec. 32.06 expressly withholds that authority in specified matters, including condemnation for highways. This is a further indication that at this stage of the proceedings the county judge could not have granted the motion of appellant to amend.

We conclude that neither the county court nor ourselves have jurisdiction to entertain this appeal from the award of the County Highway Committee, including the motion to amend made in the same attempted appeal. Consequently our jurisdiction is limited to dismissing the appeal before us.

*By the Court.*—Appeal dismissed.