VILLAGE OF SHOREWOOD, a municipal corporation, Petitioner-Condemnor-Appellant,†

v.

Robert A. STEINBERG, Hiram A. Dorfman, Mark E. Schussel and First Bank, N.A., Condemnees-Respondents.

Court of Appeals

*No. 91-0506. Submitted on briefs November 5, 1991.—Decided January 14, 1992.*

(Also reported in 480 N.W.2d 780.)

†Petition to review granted.

On behalf of the petitioner-condemnor-appellant, the cause was submitted on the briefs of *Hugh R. Braun* and *Richard R. Robinson* of *Godfrey, Trump & Hayes* of Milwaukee.

On behalf of the condemnees-respondents, the cause was submitted on the briefs of *Alan Marcuvitz* and *Andrea Roschke* of *Weiss, Berzowski, Brady & Donahue* of Milwaukee.

Before Moser, P.J., Sullivan and Cane, JJ.

SULLIVAN, J. The Village of Shorewood (the Village) appeals from an order of the circuit court awarding litigation expenses under sec. 32.28(3)(d), Stats.[1] to the condemnees Robert A. Steinberg, Hiram A. Dorf-

---

[1]Section 32.28, Stats. (costs), provides in part:

**(1)** In this section, "litigation expenses" means the sum of the costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees necessary to prepare for or participate in actual or anticipated proceedings before the condemnation commissioners, board of assessment or any court under this chapter.

**(2)** Except as provided in sub. (3), costs shall be allowed under ch. 814 in any action brought under this chapter. If the amount of just compensation found by the court or commissioners of condemnation exceeds the jurisdictional offer or the highest written offer prior to the jurisdictional offer, the condemnee shall be deemed the successful party under s. 814.02(2).

**(3)** In lieu of costs under ch. 814, the *court* shall award litigation expenses to the condemnee if:

. . ..

**(d)** The award of the condemnation commission under s. 32.05(9) or 32.06(8) exceeds the jurisdictional offer or the highest written offer prior to the jurisdictional offer by at least $700 and at least 15% and neither party appeals the award to the circuit court.

(Emphasis added.)

man, Mark E. Schussel and First Bank, N.A. (collectively, Steinberg). The Village argues that the circuit court does not have competency to exercise its subject-matter jurisdiction to grant such an award and that Steinberg's attorney contingency fee arrangement is unenforceable.[2] We disagree and affirm.

## FACTS

The undisputed facts show that the Village condemned a 2.8 acre parcel of unimproved land upon its resolution of necessity.[3] On March 21, 1990, the Village served a $345,000 jurisdictional offer to Steinberg for its land. Upon Steinberg's prompt rejection of the offer, the Village petitioned the circuit court for assignment of the matter to the Condemnation Commission (Commission).[4] The Honorable Francis J. Wasielewski, circuit

[2]Subject-matter jurisdiction conferred by the constitution and statutes relates to the power to deal with issues in an action. Competency relates to the power of the court to exercise its subject-matter jurisdiction. *Brandt v. LIRC,* 160 Wis. 2d 353, 366–67, 466 N.W.2d 673, 678 (Ct. App. 1991), *review granted,* 160 Wis. 2d 1v, 471 N.W.2d 509 (1991). Despite the parties' arguments to the contrary, we determine that the issue here is whether the court had competency.

[3]Section 32.53, Stats. (resolution of necessity), enables a city common council to acquire private property for the purpose of a public improvement. The Village condemned the subject parcel of land for the use as a city park.

[4]Section 32.06(7), Stats. (condemnation procedure), enables the condemnor to petition the circuit court for proceedings to determine the necessity of taking after a rejection of its jurisdictional offer by the land owner. If the condemnor is entitled to condemn the property, the circuit court judge shall assign the matter to the Commission for a hearing. *See* sec. 32.06(8), Stats. (commission hearing).

court judge, was assigned the case by the clerk of circuit court. Judge Wasielewski subsequently assigned the matter to the Commission chairman in accordance with sec. 32.06(7), Stats. The Commission awarded $655,000 on July 19, 1990, to Steinberg as compensation for its land. The Village paid the award to the clerk of circuit court and upon Steinberg's petition, Judge Wasielewski on October 1, 1990, ordered the clerk to disburse the funds.[5]

On October 10, 1990, Steinberg filed a motion under sec. 32.28(3)(d), Stats. for payment of litigation expenses totaling $112,358.40, including the contingent attorney fee of $108,867.[6] The court subsequently heard arguments on the motion and, over the Village's objection, executed an order directing the Village to pay Steinberg for its litigation expenses. It is from this order that the Village appeals.

The two issues on appeal are whether the circuit court had competency to assert its subject-matter jurisdiction to award attorney's fees to Steinberg and whether the attorney contingency fee arrangement is enforceable.

## COMPETENCY

The Village argues that the trial court lacked competency to determine litigation expenses because sec. 32.28(3), Stats., provides that "the court" shall award

---

[5]The circuit court order disbursed $477,322.18 to First Bank, N.A., in complete satisfaction of Steinberg's note, and the balance of $161,071.53 to Steinberg.

[6]The total expenses of $112,358.40 included $3,491.40 in appraisal fees, expenses and deposition costs, and $108,867 in attorney's fees. The attorney's fees are based on a contingent recovery of one-third of the difference between the jurisdictional offer by the Village and the commission award of damages, plus interest.

the litigation expenses and not the judge who assigned the case to the Commission. The Village concludes that a sec. 32.28 application for litigation costs should be commenced as an original action by filing with the clerk of court a summons and complaint in accordance with sec. 801.02(1), Stats. (civil action for personal judgment).

In arguing that the jurisdiction of the circuit court is not invoked until a party files an action in the circuit court, the Village relies upon *City of Madison v. Tiedeman,* 1 Wis. 2d 136, 83 N.W.2d 694 (1957) and *In re Acheson,* 14 Wis. 2d 475, 111 N.W.2d 446 (1961). The primary issue addressed by the court in *Tiedeman* was whether a demurrer was a proper pleading to a necessity condemnation petition. *Tiedeman,* 1 Wis. 2d at 137–38, 83 N.W.2d at 695. The *Tiedeman* court noted that the general rules of trial practice do not apply to a condemnation petition until after a Commission's award is rendered. *Id.* at 141, 83 N.W.2d at 696–97. Therefore, an appeal of an order on a demurrer or of an order on any objection to the petition is not reviewable by an appellate court until a Commission award is issued and an appeal of that award is taken to the circuit court. *Id.* at 147, 83 N.W.2d at 700; *see* sec. 32.06(10), Stats. (appeal to circuit court).

The condemnee in *Acheson* sought a county-judge determination of the value of land taken before the petition was assigned to a Commission. *Acheson,* 14 Wis. 2d at 476, 111 N.W.2d at 446. In affirming the county court's denial of the condemnee's motion for leave to amend his condemnation petition, the supreme court stated:

> [W]e have no authority to entertain an appeal taken prior to the making of an award by the commissioners appointed for that purpose. The present land-

800

> owner's appeal to the county court is subject to the same lack of jurisdiction. Nor do the statutes give the judge as an administrative officer jurisdiction to review the County Highway Committee's award.[7]

*Id.* at 478, 111 N.W.2d at 447. Here, the Village relies upon the *Acheson* court's further statement that the assignment of a petition to the Commission by the judge is an "administrative, not [a] judicial [function]. Until the commissioners have made an award, a proceeding under ch. 32, Stats., is not of a judicial nature, the judge merely acting in an administrative capacity." *Id.* (citation omitted).

Whether an order is void for want of competency when the facts are undisputed presents a legal issue which we determine de novo. *See State ex rel. R.G. v. W.M.B.,* 159 Wis. 2d 662, 666, 465 N.W.2d 221, 223 (Ct. App. 1990), *review denied.* An order is void if the court rendering it lacked competency. *Id.* The party who asserts that a judgment is void for want of competency has the burden to prove the assertion. *Id.* at 668, 465 N.W.2d at 224.

The issue of whether the circuit court has competency to award attorney's fees in a condemnation matter arises from a legislative oversight. The statute fails to provide a procedure for adjudication of contested litigation expenses where no appeal to the circuit court is taken from the Commission award. We conclude that the word "court" found in sec. 32.28(3), Stats., is ambig-

---

[7]Under the Statutes of 1957, a county highway committee made the award of compensation for the taking of property. The required assignment of a petition for an award of compensation to a county condemnation commission became effective April 5, 1960, by ch. 639, Laws of 1959. *Acheson,* 14 Wis. 2d at 476, 111 N.W.2d at 446.

uous; that it means "judge"; and that the legislature intended that litigation expenses should be adjudicated in a proceeding less formal than commencement of an action in the circuit court.

In determining that an ambiguity exists, we are mindful of the rules pertaining to statutory construction.[8] Absent ambiguity, this court may not use extrinsic sources to interpret a statute. *Brandt v. LIRC,* 160 Wis. 2d 353, 362, 466 N.W.2d 673, 676 (Ct. App. 1991), *review granted,* 160 Wis. 2d 1v, 471 N.W.2d 509 (1991). Interpretation of a statute is a legal issue which we review de novo. *Id.* Related sections of the statute are considered to provide contextual balance. *Id.* The legislative purpose of sec. 32.28, Stats., is also instructive in determining statutory meaning. History of a statute may also be examined to discern legislative intent. *Id.* at 369, 466 N.W.2d at 679.

Section 32.28 was created by Chapter 440, Laws of 1977. Prior to this, a condemnee was limited to costs available under Chapter 814, the general costs statute. As amended, Chapter 814 remains the omnibus cost statute for eminent domain actions, except as provided by sec. 32.28(3). When the statute enabling a condemnee to recover litigation costs was added, the legislature used nomenclature different from that of the existing statute.

---

[8]Construction of a statute is undertaken only when ambiguity exists. *Hurst v. State,* 72 Wis. 2d 188, 195, 240 N.W.2d 392, 397 (1976). The test for existence of ambiguity is whether reasonably well-informed persons could understand the statute in two or more different senses. *Id.* The interaction of two statutes may create doubt as to their interpretation. *Id.* Ambiguity can be created by the interaction of two separate statutes as well as by the interaction of the words and structures of a single statute. *State v. Kenyon,* 85 Wis. 2d 36, 49, 270 N.W.2d 160, 166 (1978).

The legislature references "judge" in sec. 32.06(7), Stats. (petition for condemnation proceedings), when it sets forth the mechanism by which a condemnor is to file a petition for condemnation with the clerk of court. The clerk in turn assigns the matter to a judge for a hearing to determine whether the petitioner is entitled to condemn the property. If so, the judge assigns the matter to the Commission chairman for a determination of the compensation award for the property. Section 32.06(7), Stats.

We agree with the Village that *Tiedeman* and *Acheson* stand for the proposition that a judge's function in the proceedings prior to assignment to the Commission is administrative, even though the assigning judge makes a determination of condemnation entitlement. However, the law for which these cases stand is irrelevant to this case. Both *Tiedeman* and *Acheson* address appeals from judicial determinations prior to a hearing before a Commission. In this instance the circuit court's grant of litigation expenses to Steinberg occurred after the Commission's award.

The Village's assertion that the only way litigation expenses can be awarded is through the commencement of an action in circuit court is erroneous. The Village overlooks the fact that within the eminent domain statute, the only means by which competency may vest in the circuit court is an appeal from a Commission's award. The Village also overlooks the fact that within sec. 32.28, Stats. (costs), litigation expenses may be awarded with or without a Commission award, or with or without an appeal to the circuit court. Instead of using "judge" and "circuit court" precisely in each situation, the legislature generally referred to "court" as the deter-

miner of costs under sec. 32.28, Stats.[9]

The word "court" found in sec. 32.28(3), Stats. is ambiguous in a case where no appeal is taken, because there is no "court." The judge acts administratively under sec. 32.28(3), Stats. In subsection (3)(d), the statute provides for the award of costs where neither party appeals to the "circuit court." It is significant that the legislature used the word "court" in the preface of subsection (3), and used the words "circuit court" in subsection (3)(d). We conclude that an ambiguity arises from these terms because the legislature must have meant something other than "circuit court" when it used the word "court."

To require commencement of an original circuit court action to secure litigation expenses, including reasonable attorney's fees, strikes us as unreasonable.[10] Reading these statutes as a comprehensive unit to

[9]Section 32.28(3)(b), Stats., awards costs to the condemnee if the "court" determines no necessity for taking. However, sec. 32.07(3), Stats. provides the "judge" determines necessity of a taking in certain cases.

[10]*Cf.* Chapter 814 (court costs and fees). The prevailing party in a circuit court action may apply to the clerk of courts for a recovery of litigation costs. Section 814.10(1), Stats. The clerk is responsible for the taxation of the defeated party by adding into the judgment amount costs and disbursements permitted by law. *Id.* If a party opposes or contests the amount of the taxation of costs, that party may file an objection with the clerk and the matter is reviewable by "the court." Section 814.10(3) and (4), Stats. The prevailing party need not start a second circuit court action to recover their costs incurred in the original action, nor does the aggrieved party have to start a second circuit court action to contest the taxation amount. The matter is reviewed and settled by a less formal resolution process than a civil suit.

resolve the ambiguity, we must conclude that the word "court" found in sec. 32.28(3) means "judge" when no appeal is taken from a Commission award. Resolution of this ambiguity requires our resort to a common sense meaning of the statutes to avoid an unreasonable and absurd result. *Kania v. Airborne Freight Corp.,* 99 Wis. 2d 746, 766, 300 N.W.2d 63, 71 (1981).

## ATTORNEY'S FEE

Parklane Associates, the property owner, agreed to pay Attorney Alan Marcuvitz one-third of the difference, if any, between the Village's jurisdictional offer and the award by the Condemnation Commission, plus interest. Based on an offer of $345,000 and an award of $655,000, the attorney fee and interest totalled $108,867.

The Village advances three arguments for a denial of the fee. First, if the court had competency over the matter, then it should have subjected the fee arrangement to a strict scrutiny analysis. Such an analysis is appropriate because Marcuvitz, a managing partner of Parklane Associates, in effect signed the contingency fee agreement with himself. Secondly, the fee agreement is unenforceable on ethical grounds because it violated ABA Comm. on Ethics and Professional Responsibility, Informal Opinion No. 86–1521 (1986). The opinion states that "[w]hen there is doubt whether a contingent fee is consistent with the client's best interest, the lawyer should offer the client alternative bases for the fee and explain their implication." The Village alleges that Marcuvitz did not present Parklane Associates with an alternative basis for fees. Finally, the Village argues that the judge abused his discretion in approving the amount of attorney's fees. We are unpersuaded by these arguments.

805

Under sec. 32.28(1), Stats. (costs), a judge may award money to the prevailing condemnee for litigation expenses, including "reasonable attorney . . . fees." A judge's "determination of the value of attorney fees is a finding of fact, and it will be sustained unless there is an abuse of discretion."[11] *Milwaukee Rescue Mission, Inc. v. Redevelopment Auth. of the City of Milwaukee,* 161 Wis. 2d 472, 494, 468 N.W.2d 663, 672 (1991), *reconsideration denied.*

First, the Village argues that the contingency fee agreement was unenforceable because the object of Marcuvitz's representation of Parklane Associates was for personal gain at the expense of the partnership. In support of this assertion, the Village cites *Figge v. Bergenthal,* 130 Wis. 594, 109 N.W. 581 (1906), *modified,* 130 Wis. 626, 110 N.W. 798 (1907):

> It is true that, when an officer of a corporation transacts business with it in which he has a personal interest, his acts should be carefully scrutinized, and, if it appears that the object of his dealings was for the purpose of gain to himself and loss to the corporation, or the dealing was rendered harmful to the corporation merely because the transaction was with the officer instead of an outside party, the transaction should not be upheld if seasonably questioned.

*Id.* at 629, 110 N.W. at 800.

In awarding attorney's fees to Marcuvitz, the judge examined the long-standing relationship between

---

[11]Ordinarily a trial court's fact finding will be sustained on review unless clearly erroneous. Section 805.17(2), Stats.; *Noll v. Dimiceli's, Inc.,* 115 Wis. 2d 641, 643, 340 N.W.2d 575, 577 (Ct. App. 1983).

Marcuvitz and Parklane Associates' partners; his extensive qualifications and experience in eminent domain proceedings; the benefit to the partnership resulting from Marcuvitz' legal services; and the existence of a fee contract. We determine that the judge did not abuse his discretion in finding that Marcuvitz dealt fairly with the partnership. Granted, Marcuvitz's fee was sizeable in comparison to the Village's counsel's fees.[12] However, the payment of Marcuvitz's fee is paid by the Village and is therefore of no detriment to the partnership.

██

Second, the Village argues that the contingency fee arrangement was not in the best interest of the partnership and violates the ABA informal opinion on contingency fees. This contention is unfounded for the same reason that the contingency fee was enforceable—the payment of the contingency fee is of no detriment to the partnership. In addition,

> [w]hile there is nothing *per se* improper in a contingency fee contract, it does not automatically follow that the circuit judge must honor it in applying his equitable discretion under sec. 32.06(9)(a), Stats. If it represents a reasonable charge, it should be granted; if it is excessive, it should not be granted. Thus, a contingency fee agreement is only a guide, but not a control on the question of a reasonable fee. . . . The fact that a contingency fee agreement exists is only a guide, and the court should consider all the circumstances of the case in determining whether the fee is reasonable.

*Milwaukee Rescue Mission, Inc.*, 161 Wis. 2d at 496, 468 N.W.2d at 674 (citation omitted). The circumstances of this case do not warrant a restructuring of the fee

---

[12]The Village paid its legal counsel $13,757.35 for its services.

arrangement between Marcuvitz and Parklane Associates. Marcuvitz agreed to represent the partnership for a contingency fee. If the award had not exceeded the jurisdictional offer, Marcuvitz would have gone uncompensated. Marcuvitz is the only party at risk in the fee contract.

Finally, the Village contends that the amount of the award for attorney's fees was excessive and therefore the judge abused his discretion in approving it. The Village compares the hours worked and the fees paid to its attorney, $13,757.35, to the fees awarded to Marcuvitz, $108,867.[13] We determine that the judge's exercise of discretion entails an examination of the relevant facts and an application of a proper legal standard that reached a demonstrable conclusion. In addition to examining the factors aforementioned in the discussion of Marcuvitz's fair dealings with the partnership, the judge relied upon the factors determining reasonable attorney fees as outlined in SCR 2:1.5, Fees, and the purpose of sec. 32.28, Stats. (costs) in his decision. Moreover, the judge's award of attorney's fees may discourage low jurisdictional offers by municipalities in the course of an eminent domain proceeding.[14] Nevertheless, the award does not place the burden of attorney's fees on Steinberg in its effort to receive just compensation for the taking. *See Redevelopment Auth. of Green Bay v. Bee Frank,*

---

[13]The Village points out that Marcuvitz expended one hundred hours of work during the litigation of this matter, while eighty-five hours were expended by the Village's attorney, who billed at $150 per hour, plus disbursements.

[14]Special counsel advised the Village that the 1986 purchase price, $626,000, would have nearly conclusive evidentiary effect on the issue of value. The Village's final offer to Steinberg was $345,000, and the Commission valued the property at $655,000.

*Inc.*, 120 Wis. 2d 402, 412-13, 355 N.W.2d 240, 247-48 (1984) (land owner should be made whole and therefore should not have to pay attorney's fees out of the compensation received for an eminent domain taking).

In summary, a judge who assigns a condemnation petition to a Commission has competency to exercise subject-matter jurisdiction to award reasonable attorney's fees under sec. 32.28, Stats. where no appeal to the circuit court is taken under sec. 32.06(10), Stats. The award by the judge of $108,867 to Marcuvitz under a contingency fee arrangement was not an abuse of discretion.

*By the Court.*—Order affirmed.

CANE, J. *(dissenting).* I dissent from that part of the opinion approving the $108,867 attorney fee. I conclude that payment of a $108,867 fee for legal services in this simple administrative proceeding is excessive, particularly where the public must pay this fee.

In *Milwaukee Rescue Mission, Inc. v. Redevelopment Auth. of Milwaukee,* 161 Wis. 2d 472, 496-97, 468 N.W.2d 663, 674 (1991), the court observed that the circuit court must not automatically honor the contingency fee contract in applying its equitable discretion. A contingency fee agreement is only a guide and if it represents a reasonable charge, it should be honored. However, if it is an excessive charge, it should not be honored. The circuit court in exercising its discretion should consider all the circumstances of the case in determining whether the fee is reasonable. *Id.*

In *Milwaukee Rescue,* the litigation was considerably more complex as it involved a lengthy jury trial preceded by hard-fought motions, including briefs and legal argument. Additionally, the trial court observed the trial

skills of counsel in the lengthy and complicated trial. On the other hand, this case deals with 2.8 acres of vacant land, is not complex and required only an unrecorded administrative hearing for two half days and one full day. The attorney for Shorewood expended eighty-five hours, which at $150 per hour plus disbursements totalled $13,757.35. The attorney for Parklane Associates expended 100 hours from the date of Shorewood's jurisdictional offer to the date of the award. For 100 hours this fee would compute to $1,088.67 per hour. Shorewood should not be required to pay such an excessive fee for a relatively simple condemnation proceeding. There is absolutely no testimony that such a fee was reasonable for this simple case. Shorewood argues this fee is both absurd and abusive. I agree.

The sanction against the municipality for making a low jurisdictional offer is to pay the reasonable attorney fee of the landowner, not an excessive fee. Section 32.28(3)(e), Stats. I would therefore conclude that because the contingency fee agreement constitutes an unreasonable or excessive charge against the municipality, the circuit court failed to exercise discretion in approving the attorney fee award of $108,867.