WILDES, Appellant, vs. FRANKE, Respondent.

*April 9—May 1, 1914.*

*Appealable orders: Vacating judgment: Milwaukee civil court.*

1. There can be no appeal to the supreme court except as authorized by statute.
2. An order of the circuit court affirming an order of the civil court of Milwaukee county vacating a judgment of the latter court immediately after its entry, is not appealable under sec. 3069, Stats. 1913.
[3. Whether such order of the civil court was appealable to the circuit court, not determined.]

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Dismissed.*

The appeal is from an order of the circuit court, which order affirmed an order of the civil court of Milwaukee county vacating a default judgment of the latter court.

*C. H. Hamilton,* for the appellant.

For the respondent there was a brief by *Wheeler & Witte,* and oral argument by *Lyman Wheeler.*

TIMLIN, J.    Where no statute authorizes an appeal to this court there can be no appeal.    *Puffer v. Welch,* 141 Wis. 304, 124 N. W. 406.    The circuit court orders which are appealable to this court are specified in sec. 3069, Stats. 1913, and the order here appealed from is not there mentioned. This order is not properly described as a final order of the circuit court upon a summary application in an action after judgment, nor as an order granting a new trial.    If the order of the civil court could be considered final, an appeal would lie from that order to the circuit court.    Ch. 549, Laws of 1909, as amended by sec. 20, ch. 425, Laws of 1911; sec. 3069, *supra; Port Huron E. & T. Co. v. Rude,* 101 Wis. 324, 77 N. W. 177; *Ledebuhr v. Grand Grove,* 97 Wis. 341, 72 N. W. 884.

But whether or not the order was appealable from civil court to circuit court is a question not within our jurisdiction to determine on this appeal, if this appeal is unauthorized. *Wisconsin R. E. Co. v. Milwaukee,* 151 Wis. 198, 138 N. W. 642.    No lack of jurisdiction on the part of the civil court to vacate the judgment is asserted.    If the circuit court erred in affirming the order of the civil court instead of dismissing the appeal to that court, that would not be a prejudicial error, but, as said before, the question is not before us.    An order of the circuit court granting a new trial in a case appealed from the civil to the circuit court has been held appealable to this court because sec. 3069 expressly gives an appeal to this court from the order of the circuit court granting a new trial.    *Hanna v. C., M. & St. P. R. Co.* 156 Wis. 626, 146 N. W. 878.    So an order of the circuit court affirming an order of the civil court overruling a demurrer has for a similar reason been held appealable.    *Danielson v. Garage E. M*

*Co.* 151 Wis. 492, 139 N. W. 443.   But the order of the cir-
cuit court here appealed from is clearly not appealable be-
·cause not one described in sec. 3069, *supra.*

It is the policy of the law that every suitor shall have a
hearing, but not several hearings, particularly on matters of
procedure.   Public interest requires that there be a speedy
·end to litigation and fewer dilatory appeals.   So there is
fundamental reason for limiting the words of sec. 3069,
*supra,* to exclude an appeal from an order like this, not ex-
pressly described therein.   The result is that an order of the.
·circuit court affirming an order of the civil court vacating a
judgment of the latter court immediately after its entry is
not appealable to this court.

*By the Court.*—Appeal dismissed.