BARROWS and wife, Respondents, vs. KENOSHA COUNTY, Appellant.

*January 7—March 5, 1957.*

For the appellant there was a brief by *Cavanagh, Mittelstaed, Sheldon, Heide & Hartley* of Kenosha, and oral argument by *William A. Sheldon.*

For the respondents there was a brief and oral argument by *Joseph E. Higgins* of Kenosha.

STEINLE, J. Condemnation statutes are in derogation of the common law and must be strictly construed. *Union Mfg. Co. v. Spies* (1923), 181 Wis. 497, 195 N. W. 326.

Ch. 32 of the revised statutes treats with procedure in eminent domain. Nowhere in that legislation is authority conferred upon this court to entertain an appeal ·taken prior to the making of an award by commissioners appointed for such purpose.

Until the commissioners have made an award, a proceeding under ch. 32, Stats., is not of a judicial nature, the judge merely acting in an administrative capacity. *Klump v. Cybulski* (1957), 274 Wis. 604, 81 N. W. (2d) 42. See also *Olen v. Waupaca County* (1941), 238 Wis. 442, 447, 300 N. W. 178; *Tobin v. Willow River Power Co.* (1932), 208 Wis. 262, 242 N. W. 480; *State ex rel. Department of Agriculture v. Aarons* (1946), 248 Wis. 419, 22 N. W. (2d)· 160.

Sec. 32.04, Stats., provides two separate and distinct methods by which condemnation may be started. The first course provides the manner in which one who seeks to acquire property belonging to another shall proceed. The other course provides the manner in which owners of property shall proceed against anyone taking their property without first having obtained the right to do so under sec. 32.04. See *Skalicky v. Friendship E. L. & P. Co.* (1927), 193 Wis. 395, 214 N. W. 388. In the matter at bar we are confronted with a proceeding instituted under the second of such methods as provided by the statute. In *Manns v. Marinette & M. P. Co.* (1931), 205 Wis. 349, 235 N. W. 426, 238 N. W. 624, the trial court by order had denied the motion of the defendants to vacate and set aside an order appointing commissioners in a condemnation proceeding begun by the owners of the property under the statute. The appeal was from such order. This court there stated (p. 350):

"Where no statute authorizes an appeal to this court there can be no appeal. *Puffer v. Welch,* 141 Wis. 304, 124 N. W. 406; *Wildes v. Franke,* 157 Wis. 189, 146 N. W. 1119."

In the *Manns Case* it was also said (p. 355):

"For the purposes of this case it is sufficient to say that whether these proceedings were judicial or not, . . . the order entered did not determine the action, nor prevent a judgment from which an appeal might be taken. The appellants could have appealed from the award of the commissioners, in which proceeding all of their rights would have been determined, under the doctrine of *Skalicky v. Friendship E. L. & P. Co.* 193 Wis. 395, 214 N. W. 388. Under such circumstances the order was not appealable, even though made in special proceedings. It was not a final order. Sec. 274.33, Stats."

In the instant matter commissioners were not appointed by the court and an award was not made. As a consequence

we are constrained to conclude that this court lacks jurisdiction to entertain the appeal from the interlocutory order rendered by the court prior to an award by commissioners, and that hence the appeal must be dismissed.

*By the Court.*—Appeal dismissed.