SCHROEDEL CORPORATION, Respondent, v. STATE HIGHWAY COMMISSION, Appellant.

*October 12, 1966.*

For the appellant there was a brief by *Bronson C. La Follette,* attorney general, *Richard E. Barrett,* assistant attorney general, *Robert P. Russell,* corporation counsel of Milwaukee county, and *Hugh R. Braun,* assistant corporation counsel.

For the respondent there was a brief by *Whyte, Hirschboeck, Minahan, Harding & Harland,* attorneys, and *Roger C. Minahan, Richard P. Buellesbach,* and *Richard C. Ninneman* of counsel, all of Milwaukee.

Per Curiam (*on motion to dismiss the appeal*). On August 23, 1963, the State Highway Commission of Wisconsin acquired certain land belonging to the Schroedel Corporation in Milwaukee county. Appeal from the award was filed on August 10, 1965, by the Schroedel Corporation pursuant to sec. 32.05, Stats., by applying for assignment to the condemnation commission of Milwaukee county. The order was signed by Circuit Judge Elmer Roller and the matter was referred to the condemnation commission.

On March 24, 1966, before a hearing was held, the State Highway Commission caused to be issued by the circuit court for Milwaukee county an order to show cause why the appeal to the condemnation commission should not be dismissed. The basis of its contention was that Schroedel had not complied with sec. 32.05 (9), Stats., in perfecting the assignment of appeal to the condemnation commission. The statute requires the application for assignment of appeal to be made to a county or circuit judge. The State Highway Commission claims that the Schroedel Corporation attempted to make a court action or proceeding out of an administrative hearing. Thus Judge Roller, according to the state, acted as a court rather than a judge and thereby lacked jurisdiction to enter the order of assignment.

The propriety of the assignment was heard before Circuit Judge Ernst John Watts of Walworth county, assigned to and acting for the circuit court for Milwaukee county. The court reviewed all of the irregularities in the proceeding and concluded that the application was made to the judge of the circuit court for Milwaukee county, not to the court. On April 1, 1966, an order was entered dismissing the order to show cause. The State Highway Commission appealed the order of April 1, 1966. Schroedel Corporation has moved to dismiss the appeal.

The issue to be decided on this motion may be stated as follows:

In an eminent-domain proceeding, is an order appealable which denies the right to challenge procedural irregularities which occurred in invoking the jurisdiction of the condemnation commission?

The condemnation procedure is spelled out in sec. 32.05, Stats. Once an award has been made, sec. 32.05 (9) sets forth the procedure to be used in appealing the award to the condemnation commission, the first stage. After the commission has ruled, sec. 32.05 (10) sets out the procedure for appeal to the circuit court, the second stage. Essentially, the problem which this case poses occurred between these two stages. The state has challenged the jurisdiction of the condemnation commission because of procedural irregularities which occurred in appealing an award to the condemnation commission. An adverse ruling to the state was made in circuit court, holding the jurisdiction of the condemnation commission was properly invoked. The state argues this ruling is appealable.

It is well settled that the right to appeal is governed by statute. In this case the state argues that sec. 274.33, Stats., authorizes its appeal. The pertinent language on which the state appellant relies is found in sec. 274.33 (2) and (3).

"274.33 **Appealable orders.** The following orders when made by the court may be appealed to the supreme court:

"...

"(2) A final order affecting a substantial right made in special proceedings, without regard to whether the proceedings involve new or old rights, remedies or proceedings and whether or not the right to appeal is given by the statute which created the right, remedy or proceedings, or made upon a summary application in an action after judgment.

"(3) When an order grants, refuses, continues or modifies a provisional remedy or grants, refuses, modifies or dissolves an injunction, sets aside or dismisses a writ of attachment, grants a new trial or sustains or overrules a demurrer, decides a question of jurisdiction, grants or denies a motion for stay of proceeding under s. 262.19,

determines an issue submitted under s. 263.225, or denies an application for summary judgment, but no order of the circuit court shall be considered appealable which simply reverses or affirms an order of the civil court of Milwaukee county, unless the order of the civil court grants, refuses, continues, modifies or dissolves a provisional remedy or injunction."

This squarely presents the question whether the order made by Judge WATTS was a final order affecting a substantial right made in special proceedings. Appellant further contends that the order decided a question of jurisdiction and is appealable under sec. 274.33 (3), Stats.

The appealability of intermediate orders in eminent-domain proceedings was given a very narrow scope in *Skalicky v. Friendship Electric Light & Power Co.*[1] In this case the condemnation proceedings were attempting to obtain flowage rights over land. An appeal was made from the award of the condemnation commission to the circuit court and the claim was that plaintiff did not own title to these rights. The plaintiff landowner claimed this objection had been waived by failure to assert the objection at the condemnation proceeding. The court said:

". . . when such purely statutory condemnation proceedings reach the circuit court on appeal they are then, by force of this statute, for trial *de novo* before the court and jury and upon any and all issues that can be properly framed . . . ."[2]

In effect, since all legal issues occurring in the condemnation proceeding prior to the assignment of the case to the condemnation commission may be raised in an appeal to the circuit court following the award of the commission, any action taken prior to this time would not meet the finality requirement of sec. 274.33, Stats., governing the appealability of orders to the supreme court.

[1] (1927), 193 Wis. 395, 214 N. W. 388.
[2] Id. at page 401.

The case of *Manns v. Marinette & Menominee Paper Co.*[3] is directly in point. In this case the claim was also made by the defendant that the plaintiff had invoked the jurisdiction of the court instead of the judge as an administrative official in appealing to the condemnation commission. The court said:

"We do not now deem it necessary to definitely hold that these proceedings are purely ministerial. . . . For the purposes of this case it is sufficient to say that whether these proceedings were judicial or not, whether the circuit court had superintending control over the act of the county judge or not, the order entered did not determine the action, nor prevent a judgment from which an appeal might be taken. The appellants could have appealed from the award of the commissioners, in which proceeding all of their rights would have been determined, under the doctrine of *Skalicky v. Friendship E. L. & P. Co.*, 193 Wis. 395, 214 N. W. 388. *Under such circumstances the order was not appealable, even though made in special proceedings. It was not a final order.* Sec. 274.33, Stats." (Emphasis added.) [4]

Under the doctrine of *Manns v. Marinette & Menominee Paper Co.*, the order in our case would not be reviewable because the order was not a final one as required by sec. 274.33 (2) and (3), Stats. An interlocutory order is not final and thus not reviewable.[5] Even appellant concedes that his appeal should be dismissed if *Manns v. Marinette* were still the law. In 1959, however, the Wisconsin legislature made a change in the condemnation proceedings regarding the scope of review by a circuit court of a condemnation commission's findings.[6] The legislature specifically created sec. 32.05 (10), to read:

"Within 60 days after the date of filing of the commission's award, any party to the proceedings before the commission may appeal to the circuit court of the county wherein the property is located. . . . The sole issues to

---

[3] (1931), 205 Wis. 349, 235 N. W. 426, 238 N. W. 624.

[4] Id. at page 355.

[5] 4 Am. Jur. (2d), Appeal and Error, p. 662, sec. 146.

[6] Ch. 639, Laws of 1959.

be tried shall be questions of title, . . . and the amount of just compensation to be paid by condemnor."

The effect of this change on appellate procedure for condemnation awards should be apparent. No longer are all issues in the condemnation proceeding reviewable through trial *de novo* in circuit court. The statute now specifically limits review to questions of title and amount of award. The rationale of *Manns v. Marinette* is now no longer valid either, in that procedural irregularities are no longer subject to review in the circuit court following action by the condemnation commission. Thus a court determination that jurisdiction of the condemnation commission has been properly achieved becomes final.

The appellant claims that the order of Judge WATTS dismissing his order to show cause should be appealable. Judge WATTS determined that the jurisdiction of the condemnation proceeding had properly been invoked in spite of procedural irregularities. This finding is final since there can be no review by the circuit court under sec. 32.05 (10), Stats. This finding also confers a jurisdictional base on the condemnation commission. The finding should be and is reviewable under sec. 274.33 (3).

The motion to dismiss the appeal is denied.