STATE of Wisconsin EX REL. Mark BLOCK, Petitioner,

v.

CIRCUIT COURT FOR DANE COUNTY, the Honorable Sarah
B. O'Brien, presiding, Wisconsin Elections Board,
James Wigderson and Brent Pickens, Respondents.

Court of Appeals

*No. 00–0507–W. Submitted on a petition February 22,
2000.—Decided March 1, 2000.*

## 2000 WI App 72

(Also reported in 610 N.W.2d 213.)

 

On behalf of the petitioners, the cause was submitted on the petition of *Michael P. Crooks* of *Peterson, Johnson & Murray, S.C.*, of Madison.

On behalf of the respondents, the cause was submitted on the response of *Alan Lee*, assistant attorney general.

Before Eich, Nettesheim and Fine, JJ.

¶ 1. EICH, J. Mark Block seeks a writ of prohibition preventing the Wisconsin Elections Board from deposing witnesses during the course of its investigation of a complaint involving a mailing undertaken and financed by the Wisconsin Coalition for Voter Participation in the waning days of the 1997 Wisconsin Supreme Court election in which incumbent Justice Jon Wilcox was challenged by Attorney Walter Kelly. Among other things, the Board is investigating the existence of a connection between the Coalition's expenditures for the mailing and the Wilcox campaign. Mark Block was the director of the Wilcox campaign and has been identified by the Commission as a "target" in its investigation.[1]

¶ 2. In various proceedings in the circuit court and this court, principals of the Coalition, James Wigderson and Brent Pickens, sought to bar the Board's inquiry on several fronts. Eventually, pursuant to court order, their depositions were taken by the

---

[1] Should the Board determine the existence of a probable election law violation, it is authorized to bring a civil forfeiture action in circuit court, or to seek injunctive relief or "such [other] legal or equitable relief as may be appropriate . . . ." WIS. STAT. § 5.05(1)(c) and (d) (1997–98).

184

Board's investigators and they were required to produce various documents relating to the Coalition's activities.

¶ 3. Block contends that, under applicable statutes, he is entitled not only to notice of all subpoenas issued by the Board, but also to attend all investigatory depositions scheduled by the Board's investigators, and to cross-examine the witnesses so subpoenaed. And he says that denial of those "rights" will unfairly prejudice his interests. The circuit court agreed that Block, as a target of the Board's investigation, was entitled to notice of the subpoenas. The court concluded, however, that he was not entitled to appear at, and participate in, witness depositions conducted by the Board's investigators. Block then applied to this court for a supervisory writ recognizing his right to attend and participate in the depositions and (a) prohibiting any further investigatory depositions by the Board without his attendance, and (b) barring the use at any further proceeding of testimony given by any witness at any deposition at which he or his counsel did not attend.

¶ 4. Block has not persuaded us that he is entitled to the relief he seeks and we therefore decline to issue the writ.

¶ 5. We first consider the statutes upon which Block attempts to build his argument. WISCONSIN STAT. § 5.05(1)(b) (1997–98)[2] charges the Elections Board with the responsibility for administering Wisconsin's election laws. It then states that, "pursuant to such responsibility," the Board may

> [i]n the discharge of its duties *and upon notice to the party or parties being investigated,* subpoena

---

[2] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

and bring before it any person in the state and require the production of any . . . records relevant to an investigation. A circuit court may by order permit the [board to] inspect[ ] and copy[ ] . . . the accounts and . . . records at any financial institution . . . to obtain evidence of any violation of ch. 11 . . . . In the discharge of its duties, the board may cause the deposition of witnesses *to be taken in the manner prescribed for taking depositions in civil actions in circuit court* (emphasis added).

¶ 6. WISCONSIN STAT. § 804.05 is the general statute governing depositions in civil actions. It states that any party to the action may take the testimony of any other person upon deposition, and it contains provisions for subpoenas, notice of the deposition, stenographic or other reporting of the testimony, and the location, verification and certification of the deposition. Block concentrates on § 804.05(4), which states, among other things, that "[e]xamination and cross-examination of deponents may proceed as permitted at the trial."

¶ 7. Finally, Block refers us to WIS. STAT. § 906.15(1) and § 906.15(2)(a), which state that while a judge or court commissioner may, at the request of a party, order that witnesses be excluded "so that they cannot hear the testimony of other witnesses," this authority "does not authorize exclusion of . . . [a] party who is a natural person."

¶ 8. Block puts forth a three-fold argument. He says first that the language in WIS. STAT. § 5.05(1)(b) providing for "notice to the *party* . . . being investigated" makes him, as an acknowledged target of the Board's investigation, a "party" to the investigatory proceedings. He next asserts that the language in § 5.05(1)(b) stating that depositions taken by the Board

are to be "taken in the manner prescribed for taking depositions in civil actions in circuit court" incorporates all of the "deposition" provisions of the code of civil procedure—including statements in WIS. STAT. § 804.05(2) and (4)(a) that parties taking depositions must give notice of the depositions to "every other party to the action," and that "[e]xamination and cross-examination of deponents may proceed as permitted at the trial"—and he argues that these provisions give him, as a "party" to the investigatory proceedings, the right to cross-examine all witnesses the Board's investigators may decide to depose. Finally, he says that WIS. STAT. § 906.15 bars the circuit court from "exclud[ing]" him from hearing the testimony of the witnesses.

¶ 9. The argument that WIS. STAT. § 5.05(1)(b), by identifying the target of the investigation in terms of the "party being investigated" and providing that depositions must be taken in the manner set forth for civil actions, entitled him to access to, and full participation in, all investigatory depositions, is unavailing. First, even though the statute may be inartfully drawn in some respects, it plainly delegates three separate powers to the Board: (1) to subpoena witnesses and require the production of documents; (2) to inspect and copy accounts and records at financial institutions; and (3) to depose witnesses. And each of those powers has its own distinct condition precedent: (1) persons or entities who are targets of the investigation must be notified if the Board desires to subpoena witnesses; (2) banking records may be examined by the Board only upon court order; and (3) if the Board decides to depose a witness, the deposition must be taken "in the manner prescribed . . . in civil actions." The statutory direction for notice to the investigatory target—which Block's argument gives sweeping breadth—is limited by the plain

language of the statute to the Board's exercise of its subpoena power. The notice requirement does not relate in any way to the conduct of any depositions the Board may wish to take (or to any financial records it may wish to examine). In short, § 5.05(1)(b) does not grant Block, as an investigatory target, the right to either appear at, or participate in, investigatory depositions. We agree with the Board that if the legislature had intended to grant such expansive rights to targets of an investigation it would have said so in the statute.[3]

¶ 10. Block also points to WIS. STAT. § 906.15(1) and § 906.15(2)(a), which, as indicated, state that any natural person who is a party to the action may not be excluded from "hear[ing] the testimony of other witnesses." Citing two federal district court cases for the proposition that the statute (or at least its federal counterpart) applies to depositions as well as trial testimony, Block contends that, as a "party" to the Board's investigatory proceedings, he may not be excluded from any depositions. We see two flaws in the argument. First, as we have concluded above, the "notice to the party or parties being investigated" language of WIS. STAT. § 5.05(1)(b) does not render Block a "party" within the meaning of either the civil procedure statutes or § 906.15. Second, the cases Block cites in support of his position that § 906.15 applies to deposi-

[3] As the Board points out, it is not uncommon for "targets" to be given notice of state agency investigations. *See, e.g.*, WIS. STAT. § 19.49(3) and (4), which requires the Wisconsin Ethics Board to notify targets when it finds cause to commence an investigation into possible violation of the ethics laws. And those subsections, like WIS. STAT. § 5.05(1)(b), do not give the target of the investigation any right to attend or participate in the investigatory process, as Block claims entitlement to in this case.

tions, *Skidmore v. Northwest Engineering Company*, 90 F.R.D. 75 (S.D. Fla. 1981), and *Naismith v. PGA*, 85 F.R.D. 552 (N.D. Ga. 1979), both involved discovery and/or evidentiary depositions taken in pending court actions. The depositions in which Block seeks to participate in this case are not related to any pending litigation, nor do they appear to be either discovery depositions or depositions taken to memorialize testimony. They are investigatory depositions, pure and simple—and, with the exception of being taken under oath, they are not unlike a witness interview undertaken by agents in any law-enforcement-related investigation, civil or criminal. Beyond that, we cannot accept the underlying premise of Block's argument that a state agency's investigation is the equivalent of a court action.[4]

¶ 11. The Board also points out the many ways in which giving investigatory targets full participatory rights in an investigation can lead to delay and frustration of investigatory goals. By Block's own concession in circuit court (through his attorney), the "rights" he claims would include the "ability to sit in on the depositions, make objections when I deem[ ] it to be appropriate, and ask questions when I deem[ ] it to be

---

[4] The rules of civil procedure also apply to "special proceedings." WIS. STAT. § 801.01. And while cases have recognized that proceedings such as a challenge to a special assessment [*Singer Brothers v. City of Glendale*, 33 Wis. 2d 579, 148 N.W.2d 100 (1967)], an appeal of a condemnation award to a condemnation commission [*Schoenhofen v. DOT*, 231 Wis. 2d 508, 605 N.W.2d 249 (Ct. App. 1999)], or a proceeding to determine the value of corporate stock [*HMO-W, Inc. v. SSM Health Care Sys.*, 228 Wis. 2d 815, 598 N.W.2d 577 (Ct. App. 1999)], are "special proceedings," we have found no authority including state administrative agency investigations in that definition.

appropriate." Presumably, claiming, as he does, entitlement to all rights given to parties to court actions by the code, he could also delay the investigation by seeking protective orders under WIS. STAT. § 804.01(3), or, in the Board's words, "use other procedural devices to intimidate the Board's witnesses and delay the investigation."

¶ 12. Finally, we disagree with Block that, unless he is able to participate fully in the Board's investigatory depositions, he will be deprived of "any chance . . . of protecting himself both against allegations made against him by the . . . Board and whatever testimony is given by [witnesses deposed by the Board]." And this, he says, will "unfairly and irreparably prejudice [his] chances of adequately defending himself against present and future claims of the Elections Board." He does not direct us to any cases or constitutional provisions in support of his claimed entitlement to full participation in the Board's investigation. We decline his invitation to engraft such a requirement on the existing statutes in the absence of plain and persuasive authority to that end. The Board's investigation may go nowhere and conclude with no action taken against anyone—Block or anyone else. If it does lead to the filing of a civil forfeiture action, or an action for injunction or other relief, as provided in WIS. STAT. § 5.05(1)(c) and (d), Block will, of course, have all of the rights given to parties to civil actions by the code—including the rights he has prematurely asserted at this stage of the proceedings.

■

¶ 13. We therefore deny his petition for a supervisory writ and deny his requests for other relief.

*By the Court.*—Writ denied.

190

¶ 14. FINE, J. *(dissenting)*. " 'Absent a constitutional infirmity, courts must apply statutes as they are written, unless to do so would lead to an absurd result that did not reflect the legislature's intent.' " *Cavey v. Walrath*, 229 Wis. 2d 105, 111, 598 N.W.2d 240, 243 (Ct. App. 1999) (quoted source omitted). In my view, the statutory provisions here are clear, and accordingly, I respectfully dissent.

¶ 15. WISCONSIN STAT. § 5.05(1)(b) permits the Elections Board "upon notice to the party or parties being investigated, [to] subpoena and bring before it any person in the state and require the production of any papers, books or other records relevant to an investigation." The section also provides that the Board "may cause the deposition of witnesses to be taken in the manner prescribed for taking depositions in civil actions in circuit court." Unlike the circuit court and the majority, I believe that this latter sentence incorporates the provisions of WIS. STAT. § 804.05, so as to permit "the party or parties being investigated" (that is, the targets of the Board's investigation) to be present at the deposition and to cross-examine the witness or witnesses being deposed—subject to the circuit court's entry of a protective order. "Notice" without a concomitant right to protect one's interests in a way authorized by law would serve no purpose other than the inducement of disquietude. *Cf.* WIS. STAT. § 805.07(2)(b) (notice of third-party subpoena to those affected).

¶ 16. Significantly, WIS. STAT. § 5.05(1)(b) was enacted by the legislature, and legislators—unlike most persons in our society—have a special reason to be wary of star-chamber investigations of election activity. In my view, a legislator reading the phrase "may cause the deposition of witnesses to be taken in

the manner prescribed for taking depositions in civil actions in circuit court" would be heartened that one of the protections in the civil-deposition rule is the right of a party to be present at the deposition and to cross-examine. Indeed, it is a right that the legislators have a personal interest in securing to themselves, and, in my view, they did precisely that by incorporating the provision of WIS. STAT. § 804.05 into § 5.05(1)(b).

¶ 17. WISCONSIN STAT. § 804.05(4)(a), which, as noted, is incorporated by reference into WIS. STAT. § 5.05(1)(b), provides, as material here: "Examination and cross-examination of deponents may proceed as permitted at the trial." This, of course, is merely the general rule, because WIS. STAT. § 804.05(5) also recognizes that there may be circumstances that require something different, and provides, as relevant here: "At any time during the taking of the deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending . . . may limit the scope and manner of the taking of the deposition as provided in s. 804.01(3)." WISCONSIN STAT. § 804.01(3) is the protective-order part of the discovery chapter, and, insofar as the Board's desire for secrecy is concerned, subdivision 5 of § 804.01(3)(a) empowers the circuit court to direct that a deposition "be conducted with no one present except persons designated by the court."

¶ 18. There is no doubt but that Wisconsin's civil-deposition rule, which is derived from the Federal Rules of Civil Procedure, permits parties to not only cross-examine deponents, but also permits, *via* WIS. STAT. § 906.15, the exclusion of witnesses, but not parties. *See, e.g., Lumpkin v. Bi-Lo, Inc.*, 117 F.R.D. 451,

452–453 (M.D. Ga. 1987) (applying Rule 615 of the Federal Rules of Evidence to Rule 30(c) of the Federal Rules of Civil Procedure—the federal analogues to WIS. STAT. §§ 906.15 and 804.05(4) respectively) (decided before a 1993 amendment to Rule 30(c) of the Federal Rules of Civil Procedure that overturned the then universal interpretation that FRE 615 applied to depositions, *see In re: Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)). I also believe that under extraordinary circumstances a circuit court could enter a protective order under WIS. STAT. § 804.01(3)(a)5, *via* WIS. STAT. § 804.05(5), to exclude a party from a deposition. But, and this is important, the rule in federal court places on the party seeking the protective order the burden of demonstrating that the exclusion of a witness or a party is required. *See Terra Int'l*, 134 F.3d at 306. It seems to me that WIS. STAT. § 804.01(3)(a)5, which permits the entry of a protective order "upon motion," thus also places the burden of proof on the party seeking the relief. *See Anderson v. Anderson*, 147 Wis. 2d 83, 88, 432 N.W.2d 923, 926 (Ct. App. 1988) (party seeking relief has the burden of proving that such relief is warranted). Although I agree that the circuit court has discretion as to whether a protective order should be entered, a discretionary decision founded upon a wrong view of the law is erroneous. *See Cavey*, 229 Wis. 2d at 109, 598 N.W.2d at 243. Here, the circuit court placed the burden on the target of the Board's investigation to show why he should be permitted to attend, rather than on the Board to show why he should not be permitted to attend. This, in my view, was not consistent with established legal principles and was error. Accordingly, I would reverse and remand this matter to the circuit court for its consideration of whether, on the Board's motion for a protective

order (if it should make such a motion), the extraordinary relief of barring a party from a deposition in a matter that concerns that party is warranted.[1]

[1] Although I am sympathetic with the Board's desire to conduct in secret its investigation into possible illegality, it has, apparently, eschewed two possible avenues that would permit such secrecy: having its investigators interview witnesses, and seeking a John Doe proceeding under WIS. STAT. § 968.26. Although the former method could not compel witnesses to give evidence, the latter avenue would, and would also permit the Board to seek an order casting a cloak of secrecy on the proceedings.